The Honorable Charlie Cole Chaffin State Senator 12180 I-30 Benton, Arkansas 72015
Dear Senator Chaffin:
This is in response to your request for an opinion on the filing requirements for a municipal judge position which is elected on a county-wide basis. Specifically, your question asks whether, in the situation where a municipal judge runs for and wins the Democratic position for municipal judge in the May primary and is the judge for the county and city, are there any additional filing requirements. You indicate that time is of the essence with regard to this question as "municipal filings begin August 20, 1994."
It is my opinion that there are no additional filing requirements at this stage of the process for a municipal judge who is elected on a county-wide basis.
In your request, you reference two previously issued Attorney General Opinions. The first is Op. Att'y Gen. 94-072, which concludes that A.C.A. § 14-42-106 (Cum. Supp. 1993), which provides for municipal primary elections after the enactment of a resolution to this effect, has no applicability to a municipal judge position which is elected on a county-wide basis. See
A.C.A. § 14-42-206(c)(3). The second is Op. Att'y Gen. 94-073
which concludes that the office of municipal judge is a city position for purposes of filing for office and not a county position, even though the judge may be elected on a county-wide basis.
It is my opinion, in light of Opinion 94-072 and the clear language of A.C.A. § 14-42-206(c)(3), that a municipal judge elected on a county-wide basis is not governed by the provisions regarding municipal primary elections set out in A.C.A. §14-42-206. Rather, the municipal judge is elected as otherwise provided by law (see A.C.A. § 16-17-120(c)(2) (Repl. 1994)), which means through the preferential and general primary process and ultimately through the general election process in November.See generally, A.C.A. §§ 7-7-102(b); 7-7-202; and 7-7-203
(Repl. 1993).
Opinion No. 94-073, which concludes that the position of municipal judge is a city position for the purpose of filing for office does not discuss the provisions of A.C.A. § 14-42-206, and the exclusion of municipal judges elected on a county-wide basis therefrom. It is therefore superseded to the extent it could be construed to reach a conclusion different from that reached in this opinion.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:ECW/cyh